22 C. C. P. A. (Patents)

## In re STEVENS.

### Patent Appeal No. 3457.

Court of Customs and Patent Appeals.
June 10, 1935.

Frank H. Hubbard, of Milwaukee, Wis. (J. E. Hutchinson, Jr., of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the

Primary Examiner rejecting all of the claims in appellant's application for a patent for an alleged invention relating to improvements in drum controllers.

Claims 5, 7, and 9 are illustrative. They read:

"5. In a drum controller, the combination with a drum, of a contact having a square flat head of substantial height, said contact also having a reduced and threaded shank to be threaded into said drum, whereby said head may be positioned with a pair of its parallel edges arranged at right angles to the direction of movement of said drum, while insuring a predetermined spacing of the flat upper surface of said head with respect to the surface of said drum."

"7. In a drum controller, the combination with a drum, of contacts having square heads of substantial height, each of said heads having a flat upper surface with beveled edges between said surface and the four sides of the respective head, said contacts having reduced and threaded shanks to be threaded into said drum, and a lock washer interposed between the head of each contact and said drum to retain said contacts in any one of a number of adjusted positions, whereby the flat surfaces of the respective contact heads may be definitely positioned substantially equidistantly from the drum surface, while providing for location of two sides of each head in planes at a right angle to the direction of travel of the drum."

"9. As an article of manufacture, a drum contact having a square head of substantial height and a flat upper surface, a beveled edge between said upper surface and each of the four sides of said head, a reduced and threaded shank formed integrally with said head and depending therefrom, and a lock washer associated with said head and said shank to provide for adjustment of said head to any one of a number of positions upon attachment of said shank to a suitable support."

The references are:

Horn, 721,194, February 24, 1903.
Lawrence, 1,185,690, June 6, 1916.
Riley, 1,332,066, February 24, 1920.
Austrian Patent, 95,124, December 10, 1923.
Pollock, 1,526,370, February 17, 1925.
Knoop, 1,835,788, December 8, 1931.

Appellant's application discloses a drum and contact elements of the controller type of an electric switch, the contact elements having square flat-top heads with beveled corners, and screw threaded shanks for screwing into the sockets of the drum, together with lock washers to provide for adjustments of the contact elements.

The Primary Examiner rejected claims 5 and 8 on the patent to Lawrence, in view of the patents to Knoop or Pollock, on the ground that it would not involve invention to substitute square flat-top head contacts for round head contacts, shown in the patent to Lawrence, in view of the fact that the patentees Knoop and Pollock both disclosed substantially square contact elements. He also rejected claims 6, 7, and 9 on the patent to Lawrence, in view of either the Austrian patent or the patent to Riley, and either the patents to Knoop or Pollock. He stated that the patent to Lawrence disclosed that it was old to provide a drum contact with a reduced threaded shank to be screwed into the drum; that the patent to Riley and the Austrian patent disclosed that it was old to bevel the edges of the contact; that the patents to Knoop and Pollock each taught that it was desirable under certain circumstances to use substantially square headed contacts; that the lock washer, interposed between the head of each contact and the drum to provide adjustments for the contact elements, merely performed a well-known function; and that, therefore, there was no invention in combining features old in the art, the result of which would be obvious to one skilled in the art.

In its original decision, the Board of Appeals said:

"The prior art illustrates control drum members, timers and the like embodying detachable contact elements associated therewith. Lawrence discloses round headed screws insertable in screw threaded sockets in the periphery of the drum member. This patent lacks square flat-top headed members and also lock washers under the heads. Rounding off the side of the head would apparently be equivalent to beveling off corners so far as it would apply for the purpose of mechanically slipping under the brush. This feature is however illustrated by Riley and the Austrian patent on a rectangular headed contact element. Pollock illustrates a square headed contact element 17 detachably mounted on the drum 13. It is mounted by a riveted pin fastened through its stem rather than by screw threads. Horn discloses contact

elements screwed into the periphery of the drum. The elements are of simple cylindrical pin-shape without enlarged heads. Knoop discloses flat-top contacts and a corresponding brush.

"The Austrian patent No. 95,124 discloses square headed contact lugs D with beveled-off corners and flat tops in order to secure the easy sliding movement of the spring pressed shoe b-c thereover.

"It is apparent that the exact features set forth by the appealed claims and all assembled in one device are not anticipated by the citations and the question is presented whether invention is involved in associating such specific details.

"After careful consideration of the record we are unable to agree that applicant has accomplished any new results here by associating the several rather independent features, such as to amount to invention. It is believed obvious beforehand and a matter of choice that a square head on the contact element in place of the round head 24 shown by Lawrence could merely give wider contact with a contact shoe of proper shape such as shown by Knoop. It is also a feature which follows from the use of a square head that it would give better contact if it be aligned axially with the drum rather than angularly. This feature is anticipated in principle by both Pollock and Riley who show square or rectangular contact elements accurately aligned with the axis of the drum. The beveled off corners of applicant's contact members appear to accomplish no more than the usual wedging effect between sliding contacts shown by Riley at 6 and in the Austrian patent. The lock washer 10 of the application appears to accomplish only its expected or usual result of allowing some yielding movement in rotation and in locking the nut at the desired position. We believe this feature fails to contribute toward inventions even in this specific relation.

"Although not directly anticipated, we think applicant has accomplished nothing here beyond what should be within the range of ordinary mechanical skill of those working in this art and consequently that the matter claimed is devoid of patentable merit."

Thereafter, appellant filed a request for reconsideration, and, in adhering to the views expressed in its original decision, the board stated: "We have carefully considered applicant's additional remarks in connection with the petition for reconsideration but are unable to agree that invention is involved in substituting square flat headed screws for the round headed screws of Lawrence where Pollock discloses a substantially square headed bolt-like contact member. It is considered that it is within ordinary mechanical skill to perceive that if it be desired to rotate the screw head to use the same screw at right angles instead of replacing it with a new screw or bolt as a matter of economy, it should have a square flat topped head."

Subsequent to the board's second decision, appellant filed a second request for reconsideration, and, in support thereof, submitted an affidavit of appellant.

In its third decision, the board said: "We have not overlooked the comparative simplicity and ruggedness of this device and appreciate the possible practicability of the same but consider that in view of the citations of record, it should be apparent to one skilled in the art that the round headed screws of Lawrence could be substituted by square flat headed screws if it should be desired to use the controller in connection with heavier currents in order to give an extended line of contact. This feature of conception is fully disclosed by each of Riley and Pollock. It also seems that it should be apparent to observe that if it is desired to reuse the same screws after becoming partly worn that to make the heads square would permit them to be rotated 90 degrees."

We have given careful consideration to the issues involved, including the arguments of counsel for appellant, and, although counsel contend that by the combination of elements defined in appealed claims 5, 6, and 7 a new and unobvious result has been obtained, we are constrained to agree with the concurring decisions of the Patent Office tribunals that such is not the case.

The mere fact that appellant has produced a new combination, consisting of elements theretofore existing in the two types of drum contacts, is not sufficient to warrant a holding that the appealed claims involve invention. Nor does the fact that appellant has filed an affidavit, stating that the appealed claims involve invention, warrant a holding that such is the case.

The issues before us have been fully discussed in at least four separate opinions by the tribunals of the Patent Office. We deem it unnecessary, therefore, to enter upon an elaborate discussion of them.

We are of opinion that the tribunals of the Patent Office reached the right conclusion that the appealed claims are unpatentable.

The decision of the Board of Appeals is affirmed.

Affirmed.